## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JASON MURPHY,**

     **Plaintiff,**

**vs.**                                                  **CASE NO.:**

**ANTHEM TAX SERVICES, LLC, a Foreign Limited Liability Company,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON MURPHY ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, ANTHEM TAX SERVICES, LLC, ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. 12101, *et seq.*, to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages,

injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1.      Defendant, ANTHEM TAX SERVICES, LLC is a Foreign Limited Liability Company.  At all material times hereto, Defendant maintained an office in Orange County, Florida.

2.      Plaintiff is an adult individual who resides in Orange County, Florida.

3.      Plaintiff was an employee as defined by the laws under which this action is brought.

4.      At all times material hereto Defendant was an employer as defined by the laws under which this action is brought as Defendant employs greater than fifteen (15) or more employees and is an "employer" within the meaning of Title VII, the ADA and the FCRA.

## JURISDICTION AND VENUE

5.      This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Orange County, Florida.

8.      The illegal conduct complained of and the resulting injury occurred within the judicial district in and for the Middle District of Florida.

## TITLE VII / ADA / FCRA STATUTORY PREREQUISITES

9.      Plaintiff is a bisexual male who suffered discrimination based on his sexual orientation and perceived disability.  As such he is a member of a class of individuals protected by Title VII, the ADA, and the FCRA.

10.     Plaintiff was qualified for his position of employment.

11.     During Plaintiff's employment, he was paid solely on a commission basis.

12.     Plaintiff suffered an adverse effect upon his employment by being demoted to a lower level of sales leads, and then ultimately having all of his sales leads taken away from him by Defendant, with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's complaints of discrimination and need for accommodation for his related medical condition(s).

13.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

14.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the ADA, and the FCRA.

15.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the ADA, and the FCRA.

16.     Plaintiff filed his Charge of Discrimination with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission ("EEOC") on October 19, 2021, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.  Plaintiff was issued a

right-to-sue letter by the EEOC on May 5, 2022.  Therefore, this complaint is being filed within 90 days of receiving his right to sue letter.

17.    Accordingly Plaintiff has completed with all other Title VII, the ADA, and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

18.    Plaintiff was hired on or about July 1, 2019 and worked for Defendant as a Senior Tax Consultant until his unlawful constructive discharge on August 4, 2021.

19.    In the fall of 2019, Plaintiff started working under a new direct supervisor, George Goulden.

20.    Upon his arrival, Goulden's attitude towards Plaintiff and his coworkers was unprofessional.

21.    As soon as Goulden found out that Plaintiff was bisexual, he began asking Plaintiff questions in a condescending manner in an attempt to humiliate Plaintiff over his sexuality.

22.    Goulden made comments to Plaintiff such as "which c###[1] tastes better? Black, White or Spanish?"

23.    On one occasion, Goulden stated in front of the entire office, "we need to get Jason his own bathroom since he is confused to what he likes," referring to Plaintiff's bisexuality.

24.    In or about early 2020, Plaintiff lodged a complaint with Human Resources, Andrew Burk, regarding Goulden's homophobic comments.

25.    Burk explained to Plaintiff that he was well aware of Goulden's behavior and stated "that's just the kind of person he is."

26.    Burk then told Plaintiff that he should ignore the comments and just "tough it out."

27.    Plaintiff tried to take Burk's advice and "tough it out" but Goulden's behavior continued, causing Plaintiff severe stress and anxiety.

28.    On or about March 1, 2021, Plaintiff had a heart attack and was admitted to the hospital.

29.    Plaintiff's doctors believed that his heart attack was caused by his severe stress and anxiety.

30.    Plaintiff was placed on medical leave for a few weeks as he recovered.

31.    Upon Plaintiff's return to work, Goulden accused him of being on drugs and required Plaintiff to provide medical documentation proving his heart attack was not drug related.

32.    Plaintiff provided the documentation that was requested by Goulden.

33.    Goulden then informed Plaintiff that he was being demoted from the B-Level sales lead group to the C-Level sales lead group[2] going forward.

---

[1] The word used by Goulden is a derogatory term referring to a male's penis.

[2] All of the Company's tax consultants are placed into lead groups, which are based on the strength of the leads. There are three levels of lead groups: A-Level, B-Level, and C-Level leads. C-Level leads are the lowest of all of the leads and traditionally handled only by entry level employees. C-level leads are anything less than $24,999.99. B-level leads are $25,000 to $65,999.99. A-level leads are $66,000.00 and up. As employees are paid 100% commission, the strength of your leads is very important and greatly affects the employee's income.

34.     Goulden explained the decision to demote Plaintiff was due to his medical condition, which Goulden stated made Plaintiff "unreliable."

35.     Approximately one week later, Plaintiff brought his demotion to the attention of Burk.

36.     Plaintiff informed Burk of his conversation with Goulden, including when Goulden told Plaintiff his demotion was due to his medical condition which Goulden claimed made Plaintiff unreliable.

37.     Although Plaintiff escalated his complaints to the Company's HR Department, HR failed to conduct an investigation into Plaintiff's complaints.

38.     In or about May 2021, Goulden's homophobic comments towards Plaintiff intensified.

39.     On or about May 12, 2021, Goulden told Plaintiff to pose with one of the Company's new employees, who is African-American, for a picture.

40.     Goulden then proceeded to send the picture in a group text message to Plaintiff and several other employees with the caption on the picture being "What what in the butt? Hi my name is Jason and I am a black c***[3] lover!" *See* group text message dated May 12, 2021, attached as Exhibit "A."

41.     Goulden then texted the group, "BTW [by the way] Jason, can you taste the bean pie after you gargle CL's penis?"

42.     Immediately after Goulden sent the texts, another of Plaintiff's coworkers sent a picture of a black penis to the same group text chain.

43.    Following the text message incident, Plaintiff complained again to Burk but no actions were taken by Defendant to either investigate or stop the ongoing harassment.

44.    Despite the constant harassment and demotion, in or about May 2021, Plaintiff out performed all the other employees in the C-Level lead group and the majority of those in the B-Level lead group as well.

45.    Although Plaintiff was out-performing the other employees in his lead group, he noticed that his leads were gradually getting worse, which was starting to cause a large negative impact on his income.

46.    In or about July 2021, Plaintiff began trying to reach out to Khan to see if he could step in where HR had failed.

47.    On or about July 31, 2021, Plaintiff was finally able to speak with Khan about all of the homophobic and derogatory comments Goulden and the other employees had been making to and around Plaintiff.

48.    Plaintiff also informed Khan that he had been demoted due to his medical issues and need for a reasonable accommodation.

49.    Khan told Plaintiff that he would speak with Goulden and would get back with Plaintiff on the following Monday, however, Plaintiff never heard back from Khan.

---

[3] See footnote 1.

50.     On the following Monday, August 2, 2021, Plaintiff was called into Goulden's office, where Goulden showed him that Shulman had decided to turn off all of Plaintiff's sales leads.

51.     As Plaintiff was paid purely by commission and now had no access to his leads, and therefore no way to earn any income, he had no choice but to resign two days later.

## COUNT I
## TITLE VII - SEXUAL ORIENTATION DISCRIMINATION

52.     Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

53.     Plaintiff is protected by Title VII due to his sexual orientation.

54.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of his sexual orientation in violation of Title VII.

55.     The above discrimination was done by Defendant with reckless disregard for Plaintiff's right under federal law.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

        **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

                a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits and/or lost earning capacity;

d.      Compensatory damages for emotional pain and suffering;

e.      Punitive Damages;

f.      Injunctive relief;

g.      Prejudgment interest;

h.      Costs and attorney's fees; and

i.      Such other relief as the Court may deem just and proper.

## COUNT II
## FCRA - SEXUAL ORIENTATION DISCRIMINATION

56.    Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

57.    Plaintiff is protected by the FCRA due to his sexual orientation.

58.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of his sexual orientation in violation of FCRA.

59.    The above discrimination was done by Defendant with reckless disregard for Plaintiff's right under state law.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive Damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

## COUNT III
### HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION IN VIOLATION OF THE FCRA

60.    Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

61.    Plaintiff is a member of a protected class due to his sexual orientation.

62.    Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his sexual orientation in violation of the FCRA.

63.    The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sexual orientation.

64.    The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

65.    Defendant knew or should have known of the hostile work environment.

66.    The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits and/or lost earning capacity;

      d.     Compensatory damages;

      e.     Punitive damages;

      f.     Injunctive relief;

      g.     Prejudgment interest;

      h.     Costs and attorney's fees; and

      i.     Such other relief as the Court may deem just and proper.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT BASED ON SEXUAL**
**ORIENTATION IN VIOLATION OF TITLE VII**

67.    Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

68.    Plaintiff is a member of a protected class due to his sexual orientation.

69.     Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his sexual orientation in violation of Title VII.

70.     The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sexual orientation.

71.     The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

72.     Defendant knew or should have known of the hostile work environment.

73.     The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits and/or lost earning capacity;

d.     Compensatory damages;

e.     Punitive damages;

f.     Injunctive relief;

g.     Prejudgment interest;

      h.     Costs and attorney's fees; and

      i.      Such other relief as the Court may deem just and proper.

## COUNT V
## ADA – DISABILITY / PERCEIVED DISABILITY DISCRIMINATION

74.    Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

75.    Plaintiff was a qualified individual with a temporary disability.

76.    Plaintiff was perceived as disabled by Defendant.

77.    Defendant was Plaintiff's employer as defined by the ADA.

78.    Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADA.

79.    Defendant discriminated against Plaintiff because he exercised his rights under the ADA by notifying Defendant of his need for medical leave following his heart attack and hospitalization.

80.    Defendant had actual or constructive knowledge of the discriminatory conduct.

81.    Defendant's acts were willful.

82.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

83.    Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

84.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

## COUNT VI
## FCRA - DISABILITY / PERCEIVED DISABILITY DISCRIMINATION

85.    Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

86.    Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

87.    Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

88.    Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as disabled because of his disability.

89.    Defendant demoted Plaintiff on the basis of his disability and/or perceived disability in violation of the FCRA.

90.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

91.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

92.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

93.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

94.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits and/or lost earning capacity;

d.     Compensatory damages;

e.     Punitive damages;

f.     Injunctive relief;

g.     Prejudgment interest;

h.     Costs and attorney's fees; and

i.     Such other relief as the Court may deem just and proper.

**COUNT VII**
**ADA – RETALIATION**

95.     Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

96.     Plaintiff was, at all times relevant, eligible for ADA-covered accommodation.

97.     Defendant was Plaintiff's employer as defined by the ADA.

98.     Defendant retaliated against Plaintiff when it demoted Plaintiff due to his disability / perceived disability and need for a reasonable accommodation.

99.     Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

100.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

101.    Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's actual or perceived disability and request for ADA-covered accommodation.

102.    Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

103.    Defendant's violations of the ADA were willful.

104.    As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

105.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits and/or lost earning capacity;

d.   Compensatory damages;

e.   Punitive damages;

f.   Injunctive relief;

g.   Prejudgment interest;

h.   Costs and attorney's fees; and

i.   Such other relief as the Court may deem just and proper.

## COUNT VIII
## FCRA –RETALIATION DISABILITY

106.   Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

107.   At all times relevant hereto, Defendant retaliated against Plaintiff because he requested medical accommodation – specifically for unpaid medical leave.

108.   Defendant demoted Plaintiff on the basis of his request for accommodation in violation of the FCRA.

109.   But for his disability, or because of his request for a reasonable accommodation, Plaintiff would not have been demoted.

110.   Defendant further retaliated against Plaintiff when it denied Plaintiff the ability to generate income because of Plaintiff's complaints of discrimination.

111.   But for Defendant's unlawful actions, Plaintiff would not have had to resign.

112.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

113.   Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

114.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

115.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

116.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits and/or lost earning capacity;

d.   Compensatory damages;

e.   Punitive damages;

f.   Injunctive relief;

g.   Prejudgment interest;

     h.     Costs and attorney's fees; and

     i.     Such other relief as the Court may deem just and proper.

**COUNT IX**
**FCRA –RETALIATION DUE TO SEXUAL ORIENTATION**

117.   Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

118.   At all times relevant hereto, Defendant retaliated against Plaintiff because his complaints of sexual orientation discrimination.

119.   Defendant retaliated against Plaintiff when it denied Plaintiff the ability to generate income because of Plaintiff's complaints of discrimination.

120.   But for Defendant's unlawful actions, Plaintiff would not have had to resign.

121.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

122.   Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

123.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

124.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

125.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

    **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

## COUNT X
## Title VII –RETALIATION DUE TO SEXUAL ORIENTATION

126.   Plaintiff re-alleges and adopts paragraph 1 – 51 as though set forth fully herein.

127.   At all times relevant hereto, Defendant retaliated against Plaintiff because of his complaints of sexual orientation discrimination.

128.   Defendant retaliated against Plaintiff when it denied Plaintiff the ability to generate income because of Plaintiff's complaints of discrimination.

129.   But for Defendant's unlawful actions, Plaintiff would not have had to resign.

130.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

131.   Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the Title VII.

132.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

133.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

134.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits and/or lost earning capacity;

d.   Compensatory damages;

e.   Punitive damages;

f.   Injunctive relief;

g.   Prejudgment interest;

h.   Costs and attorney's fees; and

i.   Such other relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMAND</u>

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 14th day of July, 2022.

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.

Fla. Bar No. 0077476
**/s/ Ryan D. Naso**
RYAN D. NASO, ESQ.
Fla. Bar No. 1010800
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  jjhenson@forthepeople.com
rnaso@forthepeople.com
ssiagel@forthepeople.com
*Attorney for Plaintiff*